McELRAEVY v. HEARN. ·

(Supreme Court, Appellate Term.   February 24, 1910.)

WORK AND LABOR (§ 14*)—CONTRACT—DEFINITENESS.

Where a contract for plumbing was not definite as to the amount and character of the work or the time within which it was to be completed, and by agreement of both parties defendant employed another to complete the work, defendant thereby waived plaintiff's breach of contract as an entirety as a defense to plaintiff's right to recover the reasonable value of the work and materials furnished.

[Ed. Note.—For other cases, see Work and Labor, Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by William L. McElraevy against John J. Hearn. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

James I. Moore, for appellant.
Strouse & Strauss, for respondent.

GUY, J.   This is an appeal from a judgment, rendered by the court without a jury in favor of defendant, in an action brought by plaintiff to recover $146.45 for work, labor, and services as a plumber and for materials furnished to defendant.   The answer is a general denial, and sets up a counterclaim for $110.88 for money alleged to have been expended by defendant in having completed the work, which defendant alleges plaintiff contracted to do.   Plaintiff proved the doing of the work and the furnishing of materials as set forth in the complaint, and that the reasonable value thereof was $146.45.   Defendant testified: That he was engaged in constructing a building in Forty-Third street.   That he brought the plans for the plumbing work to the plaintiff and said: "Here are the plans.   I want you to give me an estimate on the plumbing work for this job.   He said, 'All right.'   In the meantime you might get the permit out, and put the sewer in and water main inside of the house line."   That there was no agreed price as to this work.   That plaintiff obtained the permit, and performed a certain amount of work, and furnished certain materials, as set forth in the complaint.   That plaintiff delayed in the doing of said work. That defendant complained to him, and subsequently, in an interview over the telephone, defendant said to plaintiff: "If you don't send men up right away, I will have to get another plumber right here from the neighborhood.   He told me to go ahead and get another plumber." That plaintiff quit work on the 4th.   That defendant then employed another plumber to complete the work, and paid him $110.88 for such work.

The court rendered a verdict in favor of the defendant for $15. The appellant contends that there was no basis for such a verdict; that, even if defendant's counterclaim were allowed, plaintiff would still be entitled to a verdict of $35.67.   Respondent claims that plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff was not entitled to recover at all, because of his failure to substan--
tially perform his contract. The contract, however, does not appear·
to have been definite as to the amount and character of the work or the·
time within which it was to be completed; and, it being conceded that
by agreement of both parties defendant employed another plumber to·
complete the work, the defense of nonperformance of the contract
as an entirety was waived by the defendant. As there was no agreed·
price for which the work was to be done, the defendant does not ap-
pear to have been damaged in any respect by the plaintiff's failure to·
complete the work. The plaintiff was, therefore, entitled to recover
the fair value of the work and materials furnished, $146.45, and the·
court erred in directing a verdict in favor of the defendant.

The judgment is therefore reversed, and a new trial ordered, with,
costs to appellant to abide the event. All concur.